Clyde Earl HOLLOWAY, #90017,
Petitioner,

v.

Richard CRISP, Warden, et
al., Respondents.

No. CIV–76–1018–D.

United States District Court,
W. D. Oklahoma.

Dec. 17, 1976.

Clyde Earl Holloway, pro se.

ORDER

DAUGHERTY, Chief Judge.

The court has examined the Petition for Writ of Habeas Corpus together with the Motion for leave to proceed in forma pauperis and required affidavit presented to the clerk of this court. It appears therefrom that this is a proceeding for a Writ of Habeas Corpus by a prisoner who is confined in the Oklahoma State Penitentiary at McAlester, Oklahoma, in which he challenges the validity of the judgment and sentence of the District Court of Oklahoma County, Oklahoma, in case No. CRF–74–3975. Therein, after a trial by jury he was found guilty of the offense of Unlawful Possession of Marijuana After Former Conviction of a Felony and sentenced to a term of nine years imprisonment. He claims that his conviction is constitutionally invalid because the evidence obtained in an illegal search and seizure was admitted at his trial.

The petitioner perfected a direct appeal to the Oklahoma Court of Criminal Appeals. On January 27, 1976, the judgment and sentence of the trial court was affirmed. Thereafter, a Petition for Rehearing was denied. Although it is not perfectly clear from the Petition it appears that the petitioner did return to the sentencing court for further proceedings, presumably pursuant to the Oklahoma Post Conviction Procedure Act.

Assuming the petitioner has presented his contentions concerning the search and seizure to the Oklahoma courts and exhausted the remedies available to him in those courts as he has alleged, he has failed to allege any ground entitling him to federal habeas corpus relief. In Stone v. Powell, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067, decided July 6, 1976, the Supreme Court held:

"We hold, therefore, that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."

It concluded:

"In sum, we conclude that where the State has provided an opportunity for full

and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. In this context the contribution of the exclusionary rule, if any, to the effectuation of the Fourth Amendment, is minimal and the substantial societal costs of application of the rule persists with special force."

 It is quite clear that under Oklahoma law evidence obtained by an unlawful search can be suppressed upon motion or upon objection during trial. *Leach v. State*, 94 Okl.Cr. 334, 235 P.2d 968 (1951); *Boyd v. State*, 290 P.2d 160 (Okl.Crml. 1955). Thereafter, if unsuccessful in the trial court an accused may make his objections on direct review. Here the petitioner had an opportunity for a full and fair litigation of his claim at trial and in subsequent appellate review, and no contention to the contrary is made. Under these circumstances the petitioner's claim that evidence obtained in an unconstitutional search and seizure was introduced at his trial is not now available to him as a ground for federal habeas relief. The Supreme Court in the *Stone* case declined to make its ruling prospective only. 428 U.S. 495 n.28, 96 S.Ct. 3037.

Since the application to proceed in forma pauperis is supported by papers satisfying the requirements of 28 U.S.C.A. § 1915(a) leave to proceed in forma pauperis is granted and the clerk is directed to file the case. The Petition will then be dismissed.

IT IS SO ORDERED.